IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REFUGE TEMPLE *a/k/a* ROYAL
PALACE MALL, LLC,

                                    *Plaintiff,*

*v.*                                                    CAUSE NO. 3:22-CV-653-CWR-FKB

AMGUARD INSURANCE COMPANY
and RAPHAEL & ASSOCIATES,

                                    *Defendants.*

## ORDER

Before the Court is the Defendants' *Motion to Dismiss or Alternatively for a More Definite Statement.* Docket No. 10. The motion is fully briefed. *See* Docket Nos. 14 (Plaintiff's Response in Opposition) and 17 (Defendants' Reply). Upon review, the motion will be granted in part and denied in part.

## I.     Factual and Procedural History

Refuge Temple is a church in Jackson, Mississippi. From November 8, 2020 until November 8, 2021, Refuge Temple was covered by a property insurance policy through Defendant AmGUARD Insurance Company. Refuge Temple alleges that during the stated policy period, many of its buildings were damaged "externally as well as internally as a result of wind/hail." Docket No. 1 at 3. Because damage from wind and hail is considered a "Covered Cause of Loss" under AmGUARD's policy, the church reported the damage to AmGUARD for repair.

Refuge Temple contends that AmGUARD—through its agents Raphael & Associates and Rimkus Consulting Group—"conducted an investigation of the damage" to the property but did not "set foot on the roof of any of the buildings." *Id*. That fact is significant, of course, because the roof is where the "extensive damage" had occurred. *Id*.

After their visit, Rimkus prepared a report for Raphael & Associates concluding that "a hail event within the Policy Period caused damage to the metal roof systems of multiple of the buildings located on the Subject Property." *Id*. That letter was dated August 9, 2021. Yet, fewer than four weeks later, Raphael & Associates, as AmGUARD's Claims Administrator, informed Refuge Temple that the "cause of loss" was hailstorms that occurred in 2013, 2014, 2015, and 2016. *Id*. As a result, its alleged loss did not fall within the policy period, and the claim would be denied. *Id*. at 4.

Refuge Temple filed this suit on November 8, 2022, alleging breach of contract, tortious breach of contract, breach of the covenant of good faith and fair dealing, bad faith denial of an insurance claim, simple negligence, and gross negligence against AmGUARD Insurance and Raphael & Associates. On December 14, 2022, the Defendants submitted the instant motion to dismiss.

## II. Legal Standard

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the central question is "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). A claim is valid if it contains "sufficient factual matter" that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). This standard does not require plaintiffs to show a *probability* of unlawful conduct, but it does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

**III.    Discussion**

AmGUARD and Raphael & Associates maintain that Refuge Temple's Complaint is insufficient because it fails to allege "the date(s) of the loss," "which buildings were damaged," "the nature of the damage," and "which policy provisions AmGUARD purportedly violated." Docket No. 11 at 2. In the absence of such information, they argue, it is "impossible for AmGUARD to discern the actual coverage disputes at issue." *Id.* at 3. Refuge Temple believes that it has "pled ample facts within its Complaint to provide adequate notice to Defendants of the claims asserted [against them]." Docket No. 14 at 1. These facts include: "the policy period during which the insurance claim occurred," the existence of "a covered loss," its "reporting [of] the loss," and information about AmGUARD's subsequent investigation and Report of the loss. *Id.* at 3.

The Court is inclined to agree with the Defendants that more information might be necessary to enable the Defendants to undertake a more comprehensive review of the merits of Refuge Temple's claim. The Court need not reach this issue now, however, because the Court will allow Refuge Temple an opportunity to amend. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading [] with . . . the court's leave. The court should freely give leave when justice so requires."). This is Refuge Temple's first opportunity to amend, and the Court wants to give it the chance to "state [its] best case." *Wicks v. Mississippi State Employment*

*Services*, 41 F.3d 991, 997 (5th Cir. 1995), *overruled on other grounds*, *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022).

The Defendants also argue that Refuge Temple's allegations against Raphael & Associates should be dismissed because the Complaint states no "particularized allegations against [them]." Docket No. 11 at 5. Refuge Temple "admits that a claim for simple negligence, breach of contract, tortious breach of contract, and breach of the covenant of good faith and fair dealing only lies against Defendant AmGUARD." Docket No. 14 at 4. But Refuge Temple maintains that the remaining claims against Raphael & Associates—bad faith denial of an insurance claim and gross negligence—should survive because the Complaint alleges that Raphael & Associates engaged in "misrepresentations" when it denied Refuge Temple's claim. *Id.* at 4–5. In response, the Defendants say that even these claims should be dismissed because (1) "Refuge Temple and Raphael did not have a contractual relationship," as required for a stand-alone bad faith claim, and (2) the allegations Refuge Temple make against Raphael & Associates "do not rise to the level of gross negligence." Docket No. 17 at 4–5.

As an initial matter, the Court accepts Refuge Temple's admission and dismisses its claims for simple negligence, breach of contract, tortious breach of contract, and breach of the covenant of good faith and fair dealing against Raphael & Associates. That leaves Refuge Temple's claim for bad faith and gross negligence.

The Defendants are correct that Mississippi law does not recognize a stand-alone bad faith claim for insurance contracts. The Mississippi Supreme Court has explained that "[t]he duty of good faith and fair dealing arises from the existence of a contract between parties." *American Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1207 (Miss. 2001). Thus, absent a

4

contractual relationship (in this case, the insurer-insured relationship), the duty does not exist. Refuge Temple pleads no facts to suggest that it ever entered a contractual relationship with Raphael & Associates or that Raphael & Associates otherwise owed them a duty. For that reason, their bad faith claim must be dismissed.

Not so for the gross negligence claim, though. Under Mississippi law, an adjuster or agent for an insurer has "a duty to investigate all relevant information and must make a realistic evaluation of a claim." *Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991). While the agent generally "may not be held independently liable for simple negligence in connection with its work on a claim," it may be liable if its acts amount to "gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004).

Here, Refuge Temple has alleged that Raphael & Associates acted with gross negligence when it denied Refuge Temple's claim based on false representations about the presence of hail during the policy period, Docket No. 1 at 4, and "unilaterally changed the nature of the claim form" to report that its damages were the result of "water" and not windstorm or hail, Docket No. 14 at 5. Accepting these allegations as true, as the Court must at this stage, the Court finds that Refuge Temple has sufficiently stated a gross negligence claim against Raphael & Associates for breaching its "duty to investigate all relevant information and . . . make a realistic evaluation of a claim." *Bass*, 581 So. 2d at 1090.

## IV.    Conclusion

For the foregoing reasons, the Defendants' *Motion to Dismiss or Alternatively for a More Definite Statement*, Docket No. 10, is **GRANTED in part** and **DENIED in part**.

Refuge Temple will have 30 days from the issuance of this Order to amend its Complaint.

**SO ORDERED**, this the 31st day of March, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE